IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| LATASHA HANEY, | * |
| Plaintiff, | * |
| v. | * |
|  | *   Civil No. 25-1614-BAH |
| STEVEN M. SLOAN, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

On May 19, 2025, Defendant Steven M. Sloan (hereinafter "Sloan"), proceeding pro se, removed this action (Case No. PA 08-56) to this Court from the Circuit Court of Maryland for Charles County. *See* ECF 1.[1] Sloan did not attach any documents filed in the state proceeding to the notice of removal. *See id.* The Court takes judicial notice of *Child Support Enforcement Administration of the State of Maryland's Department of Human Resources et al. v. Sloan*, Civ. No. 25-1360-JRR (D. Md. filed Apr. 28, 2025), where Sloan removed the same state court action to this Court. *See* ECF 1 in Civ. No. 25-1360-JRR. Judge Rubin remanded that case on May 1, 2025, for lack of subject matter jurisdiction. *See* ECF 8 in Civ. No. 25-1360-JRR.

As Judge Rubin previously explained in her remand order:

> Defendant [Sloan] asserts in a conclusory fashion that this court has original jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1441, and the Maryland and United States Constitutions. (ECF No 1 ¶ 4.) However, Plaintiffs' Petition, which concerns the establishment of paternity and support, does not raise a federal question. Accordingly, Defendant has not sufficiently invoked this court's jurisdiction.

*Id.* at 2.

---

[1] Unless otherwise noted, citations to ECF documents refer to documents entered in this civil action (Civ. No. 25-1614-BAH).

In this action, Sloan asserts that he "is subject to enforcement under Maryland's Title IV-D child support program pursuant to Md. Fam. Law § 12-101. This program is mandated and shaped by 42 U.S.C. § 666, which ties state compliance to federal funding." ECF 1, at 2. Sloan contends that "forced participation in a system labeled under federal statute as '666' constitutes a violation of his sincerely held religious beliefs" and violates his due process and First Amendment rights. *Id.* Sloan's apparent federal constitutional challenge to federal laws do not change the analysis of Judge Rubin's remand order and does not confer this Court with federal question jurisdiction. As Judge Rubin has already explained,

> "To determine whether a case 'arises under' federal law for the purposes of establishing federal question jurisdiction," courts follow "the well-pleaded complaint rule" that "jurisdiction exists 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Pressl v. Appalachian Power Co.*, 842 F.3d 299, 302 (4th Cir. 2016) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "It is not enough that there may be a defense grounded in federal law or that the complaint anticipates and rebuts such a defense." *Id.* (citing *Caterpillar*, 482 U.S. at 392–93).

ECF 8 in Civ. No. 25-1360-JRR, at 2. Because the Court evaluates federal question subject matter jurisdiction by looking at the face of the underlying complaint, and the underlying complaint here appears to be the same petition (filed in 2008) that Judge Rubin considered, the undersigned also finds that this Court does not have subject matter jurisdiction over this matter. It will therefore be remanded to state court.

For these reasons, it is, by the United States District Court for the District of Maryland, hereby ORDERED that:

(1) The case is REMANDED to the Circuit Court for Charles County; and

(2) The Clerk is directed to MAIL a copy of this memorandum and order to Sloan and to CLOSE this case.

Dated: <u>May 27, 2025</u>                                              /s/
                                                                                   Brendan A. Hurson
                                                                                   United States District Judge